UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICIA A. O'GRADY,

               Plaintiff,

v.                                                7:09-CV-1121
                                                     (GTS/VEB)

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

               Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

CONBOY, McKAY, BACHMAN & KENDALL, LLP     LAWRENCE D. HASSELER, ESQ.
   Counsel for Plaintiff
307 State Street
Carthage, New York 13619

SOCIAL SECURITY ADMINISTRATION             DENNIS J. CANNING, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL            JOANNE JACKSON, ESQ.
   Counsel for Defendant                                  RICHARD A. HILL, JR., ESQ.
26 Federal Plaza, Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this action, filed by Patricia O'Grady ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Commissioner") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, is the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini, issued pursuant to 28 U.S.C. § 636(b)(1)(A),(B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that the decision of the Commissioner be reversed and this action be remanded to the Commissioner for further proceedings consistent with the Report and Recommendation. (Dkt. No. 17.)

I.      **RELEVANT BACKGROUND**

   A.      **Procedural History**

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-Recommendation, which sets forth the procedural background of this action, the Court adopts that description of this action's procedural background.  (*See generally* Dkt. No. 17, at Part II [Report-Rec].)

On August 15, 2006, Plaintiff applied for disability insurance benefits ("DIB") under the Social Security Act due to various physical impairments which left her unable to work.[1]  (*See* Administrative Transcript ["T."] at 33.)[2]  Plaintiff's application was initially denied by the Social Security Administration.  (T. at 286.)  Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration, which was held on January 20, 2009.  (T. at 286, 294-307.)

On May 5, 2009, the ALJ issued a decision denying Plaintiff's application for benefits, finding that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment under 20 CFR Part 404, Subpart P, Appendix 1.  (T. at 12-18.)  In his decision, the ALJ applied the five-step sequential evaluation process for determining

---

[1]     Plaintiff allegedly suffers from osteoarthritis of the wrists bilaterally and left-sided cervical radiculopathy, which are impairments defined as "severe" under the Act.  (T. at 14.)

[2]     "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

whether an individual is disabled.[3]

Plaintiff sought review of the Commissioner's Decision through the Social Security Administration's Appeals Council. (T. at 5-8.) On August 18, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Commissioner. (T. at 5-8.) On October 6, 2009, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in her brief in support of her Complaint, Plaintiff asserts the following five arguments: (1) the ALJ failed to properly assess the severity of Plaintiff's conditions (Dkt. No. 10 at Part I); (2) the ALJ failed to adequately weigh the opinion and conclusions of Plaintiff's treating physicians (*id.* at Part II); (3) the ALJ failed to properly calculate Plaintiff's residual functional capacity (*id.* at Part III); (4) the ALJ failed to properly assess Plaintiff's credibility (in particular, her subjective allegations of pain and disabling symptoms) (*id*. at Part IV); and (5) the

---

[3] "In the first step, the ALJ determines whether the claimant has engaged in 'substantial gainful activity' since the alleged onset of the disability." *Doyle v. Astrue*, 08-CV-0641, 2009 WL 4893641, at *2 (N.D.N.Y. Dec. 15, 2009) (McAvoy, J.) (citing 20 C.F.R. § 404.1520[a][4][i]). "If not, the next inquiry is whether the claimant suffers from a medically determinable 'severe' impairment established by medical evidence including signs, symptoms and laboratory findings." *Doyle*, 2009 WL 4893641, at *2 (citing 20 C.F.R. at § 404.1520[a][4][ii], § 404.1528). "Severity is defined as significantly limiting an individual's physical or mental ability to do basic work activities." *Id*. (citing 20 C.F.R. at § 404.1521[a]). "Should the claimant be suffering from a medically determinable severe impairment, the third step is to determine whether the impairment is listed, or is equal to any listing, in Appendix I, which specifies over 100 medical conditions that would prevent an individual from performing 'substantial gainful activity.'" *Id*. (citing 20 C.F.R. at §§ 404.1520[a][4][iii], 404.1525[a]). "If so, the individual is considered 'disabled' under the Act and the inquiry ends. *Id*. (citation omitted). "If not, the inquiry continues to the last two steps to determine whether the claimant has the [Residual Functional Capacity or "RFC"] to perform any past relevant work or other jobs that exist in the national economy, considering the claimant's age, education and work experience." *Id*. (citing 20 C.F.R. at § 404.1520[a][4][iv][v]; *Berry v. Schweiker*, 675 F.2d 464, 467 [2d Cir. 1982]).

Commissioner erroneously concluded that Plaintiff was capable of performing her past relevant work (*id*. at Part V).  Generally, in his brief in response to Plaintiff's brief, Commissioner disagrees with each of these three arguments, and argues that his decision should be affirmed. (Dkt. No. 14.)

### B.     Magistrate Judge Bianchini's Report-Recommendation

On July 5, 2011, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Plaintiff's case be remanded to the Commissioner for further review based on the following grounds: (1) the ALJ failed to properly calculate Plaintiff's residual functional capacity because the ALJ failed to adequately address Plaintiff's ability to use her left hand for repetitive, fine motor activities; (2) the ALJ failed to properly assess Plaintiff's credibility, particularly concerning her ability to use her left hand; and (3) in light of the ALJ's failure to adequately address Plaintiff's ability to use her left hand, the ALJ erred in finding that Plaintiff could perform past relevant work given that such work required repetitive use of the hands. (Dkt. No. 17, at Part III.B.2.c.-e.)  Neither party has filed an Objection to the Report-Recommendation, and the time in which to do so has expired.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review of Magistrate Judge Bianchini's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[4]

---

[4]     On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[5] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.     Standard Governing Judicial Review of Commissioner's Decision

In Part III.A. of his Report-Recommendation, Magistrate Judge Bianchini correctly

---

that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[5]     *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

recited the legal standard governing judicial review of Commissioner's decision. (Dkt. No. 17, at III(A).) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III. ANALYSIS

As stated above in Part I.B. of this Decision and Order, no Objection to the Report-Recommendation has been filed and the time in which to do so has expired. As a result, the Court need review the Report-Recommendation only for clear error. After carefully reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise. (Dkt. No. 17.) Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. (*Id*.) The Court would add only that Magistrate Judge Bianchini's Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that this matter is **REMANDED** to Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: August 18, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge